ACCEPTED
08-20-00059-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
10/29/2021 10:44 AM
ELIZABETH G. FLORES
CLERK

## NO. 08-20-00059-CV

## *IN THE EIGHTH COURT OF APPEALS EL PASO, TEXAS*

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
10/29/2021 10:44:00 AM
ELIZABETH G. FLORES
Clerk

*JANELLE THOMPSON, CRNA*
*APPELLANT*

*v.*

*GENESIS FONG*
*APPELLEE*

On Appeal from the 41st Judicial District Court
El Paso County, Texas
*Cause No. 2019DCV1550*

## APPELLANT JANELLE THOMPSON'S MOTION FOR *EN BANC* RECONSIDERATION

Sean Higgins
State Bar No. 24001220
LEWIS BRISBOIS BISGAARD
& SMITH
24 Greenway Plaza, Ste. 1400
Houston, Texas 77046
(832) 460-4630 (Telephone)
(713) 759-6830 (Facsimile)
ATTORNEY FOR APPELLANT

4868-3197-0305.1

# TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................ii

TABLE OF AUTHORITIES..............................................................iii

ISSUE PRESENTED FOR EN BANC RECONSIDERATION ............... 1

STATEMENT OF FACTS ................................................................. 2

ARGUMENT .................................................................................... 5

REQUEST FOR RELIEF ................................................................. 8

CERTIFICATE OF COMPLIANCE ................................................. 9

CERTIFICATE OF SERVICE.......................................................... 10

APPENDIX

  Panel Opinion…………………………………………………..APP. A

# TABLE OF AUTHORITIES

**State Cases**

*Am. Transitional Care Ctrs. Of Tex., Inc. v. Palacios,*
46 S.W.3d 873 (Tex. 2001) ........................................................ 3, 6, 7, 8

*Clinical Pathology Labs, Inc. v. Polo,*
2020 Tex. App. LEXIS 6249 (Tex. App, –El paso August 6,
2020, pet. denied) .................................................................................. 2

*First United Pentecostal Church of Beaumont v. Parker,*
514 S.W.3d 214 (Tex. 2017) ............................................................. 2, 5

*Greene v. Farmers Ins. Exchange,*
446 S.W.3d 761 (Tex. 2014) ............................................................. 2, 6

*Jang v. State,*
2021 Tex. App. LEXIS 4698 (Tex. App. –June 14, 2021) ..................... 2

*Li v. Pemberton Park Community Assoc'n,*
65 Tex. Sup. J. 9, 2021 Tex. LEXIS 931, 2021 WL 4483503
(Tex. October 1, 2021) ....................................................................... 5, 6

*Nath v. Tex. Children's Hosp.,*
446 S.W.3d 355 (Tex. 2014) .................................................................. 6

*Scoresby v. Santillan,*
346 S.W.3d 546 (2011) ........................................................................... 8

*St John Missionary Baptist Church v. Flakes,*
595 S.W.3d 211 (Tex. 2020) .................................................................. 6

**Statutes**

Tex. Civ. Prac. & Rem. Code § 74.351(b) ................................................ 4

Texas Civil Practice & Remedies Code Chapter 74 .................. 1, 3, 4, 6, 7

**Court Rules**

TEX. R. APP. P. 9.4, I ............................................................. 9

Tex. R. App. P. 41.2(c) ........................................................ 1

**ISSUE PRESENTED FOR EN BANC RECONSIDERATION**

Janelle Thompson, CRNA, moved to dismiss Genesis Fong's claims for failure to make a good faith effort to satisfy the requirements of Chapter 74 of the Texas Civil Practice & Remedies Code because the letters she submitted as Chapter 74 expert reports failed to (i) set forth the standard of care, (ii) state how Nurse Thompson breached the standard of care, or (iii) explain how Nurse Thompson's alleged breach of the standard of care caused Fong's injuries—the letters did not even name Nurse Thompson. The trial court refused to dismiss Fong's claim. Nurse Thompson appealed and urged this Court to correct the error and render judgment in her favor. The panel found Nurse Thompson somehow waived this issue in the trial court.

The panel's finding of waiver is error. Nurse Thompson did all that was required to preserve error in the trial court. At the very least, Nurse Thompson argued the substance of the issue in the trial court, made her objection known to the trial court and requested relief from the trial court in the form of an order dismissing Fong's claims.

If the panel does not correct its error, the *en banc* court should do so in order to maintain the uniformity of the Court's decisions. Tex. R. App.

P. 41.2(c). The panel's finding of waiver conflicts with opinions by other panels of this Court recognizing that a party preserves error by presenting the substance of the issue to the trial court. *See, Jang v. State,* 2021 Tex. App. LEXIS 4698 *4 (Tex. App. –June 14, 2021) ("we are also instructed to strive to reach the merits of the case whenever possible.") (citing *First United Pentecostal Church of Beaumont v. Parker,* 514 S.W.3d 214, 221-22 (Tex. 2017)); *Clinical Pathology Labs, Inc. v. Polo,* 2020 Tex. App. LEXIS 6249 *13 n. 6 (Tex. App, –El paso August 6, 2020, pet. denied) (citing *Greene v. Farmers Ins. Exchange,* 446 S.W.3d 761, 764 n. 4 (Tex. 2014)).

## STATEMENT OF FACTS

Fong sued Janelle Thompson, CRNA, and Jose Robledo, CRNA, for injuries allegedly resulting from placement or removal of an epidural catheter while she was giving birth. CR 8-13. Fong alleges Nurse Thompson and Nurse Robledo were unable to remove the catheter and that she ultimately required surgery to have the catheter removed. *Id.* 9-10.

Fong served Thompson with letters from two physicians, Dr. Cecil Arredondo, M.D. and Sabri Malek, M.D. CR 35, 43-46 & CR 65, 72-73. Each letter is two pages long. *Id.* The letters are largely identical in

substance. *Id.* Neither letter so much as names Nurse Thompson. CR 72-73, 92-93. Neither letter states the standard of care applicable to Nurse Thompson. *Id.* Neither letter states how Nurse Thompson departed from the standard of care. *Id.* And neither letter links any departure from the standard of care to Fong's alleged injury. *Id.* Indeed, both letters state in identical fashion that "Without the benefit of additional information from the hospital chart . . . it is difficult to ascertain whether the catheter was placed correctly or removed correctly." *Id.*

Nurse Thompson timely objected to both letters and moved to dismiss Fong's claim under Chapter 74. CR 64-70, 75-83. In each motion, Nurse Thompson pointed out that "an expert report that omits any of [section 74.351's] requirements does not represent a good faith effort" to comply with the statute. CR 66 (citing *Am. Transitional Care Ctrs. Of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 879 (Tex. 2001)). Nurse Thompson asserted that "Plaintiffs failed to file an expert report in compliance with Chapter 74 of the Civil Practice and Remedies Code" because each letter "fails to explain the applicable standard of care for" Nurse Thompson, fails to state how Nurse Thompson "breached said standard of care," and "fails

to adequately explain how [Nurse Thompson's] alleged breach of the applicable standard of care caused Plaintiff's injuries." CR 40 & 70.

At the hearing on her motions, Nurse Thompson's attorney reiterated that the reports do not represent a good faith effort to comply with Chapter 74 and urged the Court to dismiss Fong's claim. 1 RR 15/17-25 & 16/5-7. Nurse Thompson's attorney also pointed out that the reports contain no reference to the two defendants. 1 RR 17/10-12.

The trial court found the letters were deficient but did not dismiss the case as requested by Nurse Thompson. CR 106-07. Instead, the trial court granted Fong 30 days in which amend or file new reports. *Id.*

Nurse Thompson appealed to this Court. In her sole issue, Nurse Thompson asserts that "Because the trial court correctly found Dr. Arredondo and Dr. Malek's expert reports substantially deficient, the [trial] court abused its discretion by failing to dismiss the lawsuit and award Nurse Thompson reasonable attorney's fees and court costs as required by Tex. Civ. Prac. & Rem. Code §74.351(b)."

This case was submitted without oral argument to a panel of Chief Justice Rodriguez, Justice Palafox, and Justice Alley. On September 29,

2021, the panel affirmed the trial court's judgment in an opinion by Chief Justice Rodriguez. App. A.

The panel acknowledged that Nurse Thompson objected that the reports failed "to identify Appellant, state the standard of care, Appellant's breach of that standard, and the causal relationship between the breach and Appellee's harm." Op. at 5. Despite this, and despite Nurse Thompson's clear and repeated request to dismiss Fong's claims because each letter "fails to state the applicable standard of care" or how she "breached said standard of care," the panel found Nurse Thompson waived her issue in the trial court because she "did not raise an objection that the expert reports failed to opine on whether Appellees' case has merit or implicated Appellant's conduct." *Id.* at 4-5.

## ARGUMENT

"Appellate courts should 'hesitate to turn away claims based on waiver or failure to preserve the issue.'" *Li v. Pemberton Park Community Assoc'n,* 65 Tex. Sup. J. 9, 2021 Tex. LEXIS 931 *6, 2021 WL 4483503 (Tex. October 1, 2021) (quoting *First United Pentecostal Church*, 514 S.W.3d at 221). "This is especially so 'where the party has clearly and timely registered its objection' to the ruling challenged on appeal." *Id.*

(quoting *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 365 (Tex. 2014)). "And while appellate courts 'do not consider *issues* that were not raised . . . below,' parties may 'construct new *arguments* in support of issues' that were raised." *Id.* (quoting *Greene,* 446 S.W.3d at 764 n. 4) (alterations by the Court). Thus, "a party sufficiently preserves an issue for review by arguing the issue's substance, even if the party does not call that issue by name." *Id.* (quoting *St John Missionary Baptist Church v. Flakes,* 595 S.W.3d 211, 214 (Tex. 2020)).

At a minimum, Nurse Thompson argued the substance of her issue that dismissal is required because the letters do not represent a good faith effort to comply with the Chapter 74 expert report requirement. Nurse Thompson asserted that Fong "failed to file an expert report in compliance with Chapter 74" because each letter failed to explain the standard of care applicable to Nurse Thompson, failed to state how Nurse Thompson breached that standard, and failed to adequately explain how the alleged breach caused Fong's injuries. CR 40 & 70. Nurse Thompson pointed out that the report did not mention her or any other CRNA Defendant. CR 69. Nurse Thompson cited the Texas Supreme Court's opinion in *Palacios.* CR 66. Nurse Thompson requested the trial court to dismiss Fong's lawsuit

because of these shortcomings. CR 40 & 70. At the hearing, Nurse Thompson's attorney reiterated her position that the letters were not a good faith effort to comply with Chapter 74 and urged the Court to dismiss Fong's claim. 1 RR 15/17-25 & 16/5-7.

The panel acknowledged as much, writing that Nurse Thompson moved to dismiss Fong's claim because the letters did not "identify Appellant, state the standard of care, Appellant's breach of that standard, and the causal relationship between the breach and Appellee's harm." Op. at 5.

Yet the panel found that Nurse Thompson waived her issue because her motions did not contain the precise words used in her Brief—"that the expert reports failed to opine whether the case has merit or implicated Appellant's conduct." Op. 5-6. The panel is mistaken because these words represent the substance of the issue raised by Nurse Thompson in the trial court.

In *Palacios,* the Supreme Court used the same words to describe the inquiry into whether an expert report sets forth "a fair summary of the expert's opinions about the standard of care," breach of the standard of care and causation: "In setting out the expert's opinions on these elements,

the report must provide enough information to fulfill two purposes if it is to constitute a good faith effort. First, the report must inform the defendant of the specific conduct the plaintiff has called into question. Second, and equally important, the report must provide a basis for the trial court to conclude that the claims have merit." *Palacios,* 46 S.W.3d at 878. *Id.; see also,* S*coresby v. Santillan,* 346 S.W.3d 546, 556 (2011) (quoting *Palacios*).

Nurse Thompson presented the substance of her issue to the trial court. The panel's finding of waiver is error. If the panel does not correct the error, the *en banc* court should do so by setting aside the panel's opinion, deciding this appeal on the merits, and reversing and rendering judgment for Nurse Thompson.

## REQUEST FOR RELIEF

Nurse Thompson requests the Court to grant her motion for *en banc* reconsideration, set aside the panel's opinion, and decide the merits of her appeal by reversing and rendering judgment in her favor.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD &
SMITH LLP

*/s/ Sean Higgins*
SEAN HIGGINS
SBOT: 24001220
sean.higgins@lewisbrisbois.com
24 Greenway Plaza, Suite1400
Houston, Texas 77046
(713) 659-6767 (telephone)
(713) 759-6830 (facsimile)
**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I certify that this motion contains 1,614 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

*/s/ Sean M. Higgins*
Sean M. Higgins

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via electronic filing on this the 29th day of  October 2021.

Walter I. Boyaki
Boyaki Law Firm
4621 Pershing Drive
El Paso, Texas 79903
(915) 566-8688 (Telephone)
(915) 566-5906 (Facsimile)
Email: wboyaki@boyakilawfirm.com
*ATTORNEY FOR APPELLEE*

/s/ *Sean Higgins*
Sean Higgins

# APP. A



| JANELLE THOMPSON, CRNA, | § | No. 08-20-00059-CV |
| Appellant, | § | Appeal from the |
| v. | § | 41st District Court |
| GENESIS FONG, | § | of El Paso County, Texas |
| Appellee. | § | (TC#2019DCV1550) |

## **O P I N I O N**

Janelle Thompson, Appellant, brings an interlocutory appeal of the trial court's denial of her motion to dismiss the health care liability claim of Genesis Fong, Appellee. Appellant's sole issue is her allegation that Appellee's expert reports were so deficient as to not qualify as expert reports, meaning that Appellee failed to serve Appellant with an expert report within 120 days, therefore, the trial court erred by failing to dismiss Appellee's claims. TEX.CIV.PRAC.& REM.CODE ANN. § 74.351. We find Appellant's argument on appeal does not comport with her objections raised with the trial court. Accordingly, Appellant has waived her sole issue on appeal. TEX.R.APP.P. 33.1. We affirm the trial court's decision.

## **BACKGROUND**

Appellee gave birth at the Hospitals of Providence - East Campus on October 20, 2017. Appellee alleges that during her labor Appellant, a certified registered nurse anesthetist (CRNA) and another CRNA, Jose Robledo, placed an epidural catheter to alleviate her pain. Postpartum,

Appellee claimed neither Appellant nor Robledo were able to remove the catheter. A CT scan showed the distal end of the catheter lodged in her spine and surgery was required to remove the catheter. Two partial laminectomies were performed to remove the portion of the catheter lodged in Appellee's spine. The surgery was unsuccessful and a portion of the catheter remained. Appellee sued Appellant and Robledo alleging they negligently failed to properly place and remove the epidural catheter.

The Texas Medical Liability Act requires an individual alleging a health care liability claim to timely present an expert report to the healthcare provider against whom the claim is asserted. TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(a). Appellee timely served an expert report together with an attached curriculum vitae from Dr. Cecil-Arredondo, a board-certified orthopedic surgeon, with experience performing laminectomies and epidural analgesia for pain management. Appellee later served a second report and curriculum vitae from Dr. Sabri Malek, a board-certified anesthesiologist, with substantial experience in labor epidural catheter placement. Both reports were substantively the same. In their respective reports, both physicians stated that not properly placing or removing the catheter was a breach of the standard of care, the improper placement or removal of the catheter caused Appellee to need laminectomy surgery, and she is at risk for future health complications as a result of the portion of catheter remaining in her spine. Both physicians stated without additional information, neither would be able to determine whether the catheter was placed or removed correctly.

In response, Appellant filed objections and motions to dismiss for each report claiming they were deficient for failing to establish the standard of care, how Appellant breached the standard of care, and how that breach led to Appellee's injuries. Following a hearing in which Appellant reurged her objections, the trial court issued an order granting Appellant's objections to

Appellee's experts' reports. Specifically, the trial court found Dr. Arredondo's report failed to: (1) establish his qualifications to opine on the standard of care applicable to a CRNA placing and removing an epidural catheter; (2) adequately identify the standard of care for each defendant; and (3) differentiate between the two defendants regarding breach and causation. The trial court further found Dr. Malek's report failed to: (1) adequately identify the standard of care for each defendant; and (2) differentiate between the two defendants regarding breach and causation. Accordingly, the trial court granted Appellee thirty days to cure the deficiencies in her experts' reports and file new or amended reports. Appellant now brings an interlocutory appeal of the trial court's order alleging the expert reports provided by Appellee were so deficient as to not qualify as expert reports, meaning Appellee failed to serve Appellant with an expert report and therefore the trial court erred by failing to dismiss Appellee's claims.

## DISCUSSION

Appellant argues the trial court abused its discretion by failing to dismiss Appellee's lawsuit and award attorney's fees and court costs, because the reports provided by Drs. Arredondo and Malek were so substantially deficient as to not qualify as expert reports. Appellant asserts Drs. Arredondo and Malek's reports are substantially deficient in two ways. First, the reports do not contain opinions that there is a meritorious claim against Appellant. Second, the reports do not implicate Appellant's conduct.

### *Standard of Review and Applicable Law*

We review the trial court's ruling on a motion to dismiss for an inadequate expert report under an abuse of discretion standard. *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *Gonzalez v. Padilla*, 485 S.W.3d 236, 242 (Tex.App.—El Paso

3

2016, no pet.). We defer to the factual determinations of the trial court and review the trial court's legal determinations *de novo*. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009).

The Texas Medical Liability Act requires an individual alleging a health care liability claim to present one or more expert reports to the healthcare provider against whom the claim is asserted within 120 days of filing the original petition. TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(a). A valid expert report will provide a summary of the expert's opinions regarding: (1) the applicable standards of care; (2) the manner in which the care rendered by the health care provider failed to meet the standards; and (3) the causal relationship between that failure and the injury, harm, or damages claimed. *Palacios*, 46 S.W.3d at 877-78; TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(r)(6). The Texas Supreme Court has determined, at a minimum, an expert report must contain the opinion of an individual with expertise that the claim has merit, and if the defendant's conduct is implicated. *Loaisiga v. Cerda*, 379 S.W.3d 248, 260 (Tex. 2012)(citing *Scoresby v. Santillan*, 346 S.W.3d 546, 557 (Tex. 2011)). If a report does not meet this standard, then the trial court must dismiss the claim if the defendant has moved for dismissal. *Loaisiga*, 379 S.W.3d at 260; TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(b).

## *Analysis*

As a preliminary matter, we must address whether Appellant has preserved her error for review. Appellant contends the trial court erred when it failed to dismiss Appellee's claim. Appellant argues the reports filed by Appellee are so substantially deficient they are not expert reports because the reports do not opine whether there is a meritorious claim against Appellant-and do not implicate Appellant's conduct.

In the underlying proceedings, Appellant filed separate objections and motions to dismiss in response to Drs. Arredondo and Malek's reports. In each objection, Appellant argued the report

4

failed to identify Appellant by name, failed to establish the standard of care, how Appellant breached the standard of care, and how that breach led to Appellee's injury. Each objection concluded with a motion to dismiss. During the dismissal hearing, Appellant's counsel reiterated the same objections, stating "I don't feel like it's being done in good faith because if I go through both reports . . . . They don't even address the standard of care at all. There's not a mention of what Ms. Thompson, certified nurse anesthetist, should have done." At no point during the underlying proceedings, either by motion or in the hearing did Appellant raise the issue of whether the reports fail to constitute expert reports.

"To preserve a complaint for appellate review, a party must make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint and obtain an adverse ruling thereon." *In re N.T.*, 335 S.W.3d 660, 669 (Tex.App.—El Paso 2011, no pet.) (citing TEX.R.APP.P. 33.1(a)). Further, a "complaint on appeal that does not comport with the party's objection at trial is not preserved for review." *Martinez Jardon v. Pfister*, 593 S.W.3d 810, 831 (Tex.App.—El Paso 2019, no pet.).

Our review of the record reveals Appellant fails to raise the issue of whether the reports provided by Drs. Arredondo and Malek were so substantially deficient as to not qualify as expert reports. Appellant did contend the reports were inadequate but did not apprise the trial court the proffered reports were legally equivalent to no report. Appellant's only objections were that the reports were deficient for failing to identify Appellant by name, state the standard of care, Appellant's breach of that standard, and the causal relationship between the breach and Appellee's harm. Appellant did not raise an objection that the expert reports failed to opine whether Appellee's case has merit or implicated Appellant's conduct. Appellant's argument that the trial court erred

5

in failing to dismiss the case because the report did not implicate Appellant or directly opine on the merits is not preserved.

Given Appellant failed to raise the issue the expert reports did not constitute "expert reports" in the trial court, her sole issue on appeal does not comport with the objections she made in the trial court. As a result, the trial court was not aware of or afforded an opportunity to rule on Appellant's argument. Appellant has failed to preserve her issue for our review. TEX.R.APP.P. 33.1. Consequently, we hold Appellant has waived her sole issue on appeal.

**CONCLUSION**

We affirm the trial court's judgment.

September 29, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

6

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Deborah Husband on behalf of Sean Higgins
Bar No. 24001220
Deborah.Husband@lewisbrisbois.com
Envelope ID: 58669064
Status as of 10/29/2021 2:35 PM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Josh KDavis | | Josh.Davis@lewisbrisbois.com | 10/29/2021 10:44:00 AM | SENT |
| Emily F.Thompson | | Emily.Thompson@lewisbrisbois.com | 10/29/2021 10:44:00 AM | SENT |
| Walter Louis Boyaki | 2759500 | wboyaki@boyakilawfirm.com | 10/29/2021 10:44:00 AM | SENT |
| Paul M. Bracken | 2809900 | pbracken@rbch.net | 10/29/2021 10:44:00 AM | SENT |
| Sean Higgins | | sean.higgins@lewisbrisbois.com | 10/29/2021 10:44:00 AM | SENT |
| Deborah Husband | | Deborah.Husband@lewisbrisbois.com | 10/29/2021 10:44:00 AM | SENT |
| Lettie Chavez | | lleal@boyakilawfirm.com | 10/29/2021 10:44:00 AM | SENT |
| Diane PriceDawley | | Diane.Dawley@lewisbrisbois.com | 10/29/2021 10:44:00 AM | SENT |

Associated Case Party: Genesis Fong

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Mundie | | mun6012@aol.com | 10/29/2021 10:44:00 AM | SENT |